OPINION
Robert Rector appeals the judgment of the trial court denying his motion for leave to withdraw his plea of no contest to involuntary manslaughter which he entered in October, 1992.
Rector was charged in an indictment filed March 10, 1992 with involuntary manslaughter with a firearm specification. On the morning of trial Rector accepted the terms of a negotiated plea agreement and entered a no contest plea to the charge of involuntary manslaughter. In return for his plea, the court granted the State's request to dismiss the firearm specification. While explaining the consequences of his plea to Rector Judge Gorman informed him that he would be eligible for consideration for probation. Judge Gorman informed appellant of the rights he was waiving and appellant acknowledged his understanding. The prosecutor then provided the facts for the basis of the charge, including that appellant shot the victim with a handgun. The trial court found appellant understood the waiver of his constitutional rights, accepted the plea, and stated that he would be eligible for consideration for probation. Appellant was sentenced to 7 to 25 years incarceration.
Rector did not appeal from his conviction, but on December 14, 1993 he filed a motion for release under R.C. 2947.061, which is sometimes referred to as "super-shock probation." Two months later he withdrew his motion, only to re-file it on April 1, 1996. The State then filed a memorandum contra appellant's second motion for shock probation. The trial court overruled appellant's motion on August 19, 1996.
Rather than appeal the denial of shock probation, appellant filed a petition for post-conviction relief in the trial court, alleging that the trial judge's actions in the case made it impossible for trial counsel to have given him constitutionally adequate representation. Appellant alleged in the petition that, Judge Gorman indicated a willingness to grant shock probation to appellant, but later changed her mind, thus rendering useless their advice to him as to whether to take the plea offer. The petition was accompanied by the affidavit of one of his trial lawyers, Louis I. Hoffman, and many letters from appellant's friends and relatives attesting to his good character. The State opposed the petition and filed a motion for summary judgment. The trial court granted the motion on April 10, 1997. Appellant timely filed a notice of appeal.
In an opinion issued on May 1, 1998, this court found that Rector was ineligible for probation and shock probation when he entered his plea of no contest to involuntary manslaughter, despite the deletion of a firearm specification and all references to a firearm in the indictment. (State v. Rector (May 1, 1998) Mont. App. No. 16527), unreported. We held that appellant's trial lawyer should have known that use of a gun in the crime subjected him to the prohibition of R.C. 2951.02(F)(3), and that counsel violated appellant's Sixth Amendment right to the effective representation of counsel by advising him that he was eligible for probation if he accepted the terms of the negotiated plea bargain. (Id. at 7-8). On this basis, we reversed and remanded for a hearing on appellant's petition for post-conviction relief. (Id.
at 9).
The State of Ohio asked us to reconsider our judgment, arguing that appellant's attorney performance should have been measured by the law that existed in 1992, when he advised appellant to accept the terms of the plea offer, not by the law as it existed four years later. When appellant entered his plea in 1992, there was a substantial body of law holding that deletion of all references to a firearm in an indictment removed the bar to probation contained in former R.C. 2951.02 (Id.) The State also argued that the Court of Appeals had not adequately considered the fact that not only had appellant failed to demonstrate or even allege prejudice, the record demonstrated that he received exactly what he was promised — careful consideration of his motion for shock probation. (Id. at 6).
On June 24, 1998, we granted the State's motion for reconsideration and affirmed the trial court's denial of post-conviction relief. In a decision and entry filed that day, the court held that appellant's trial lawyers did not render him constitutionally ineffective representation by relying upon the case law as it existed at the time when they advised him with respect to the plea offer. (Id.) Moreover, the court found that appellant was not misinformed that he would be considered for shock probation because Judge Gorman did consider him for shock probation. (Id. at 2). The Supreme Court of Ohio declined review.
On January 5, 1999 appellant filed a motion to withdraw his plea of no contest, citing Crim.R. 32.1 (Docket Entry No. 7). In this motion and subsequent appeal, appellant said that it was manifestly unjust to permit his plea to stand. (Docket Entry No. 7 10). He claimed his plea was involuntary, denying him due process and equal protection of the law, because it was induced by the trial court's unfulfillable promise of eligibility for probation. Additionally he claimed that the bar to probation contained in former R.C. 2951.02(F)(3) divested the court of jurisdiction to even consider probation. The trial court denied appellant's motion, stating that it was not error for counsel or the court to believe appellant was eligible for probation and that the promise was fulfilled because probation was given careful consideration. Appellant timely filed a notice of appeal., Appellant assigns one assignment of error:
 THE TRIAL COURT ERRED IN REFUSING TO ALLOW DEFENDANT TO WITHDRAW HIS NO CONTEST PLEA AFTER IT HAD INDUCED DEFENDANT TO ENTER HIS PLEA BASED ON THE UNFULFILLABLE PROMISE THAT DEFENDANT WAS ELIGIBLE FOR PROBATION WHEN BY LAW HE WAS NOT, CAUSING MANIFEST INJUSTICE TO EXIST.
We agree with the State of Ohio that appellant did not show the existence of manifest injustice to be entitled to withdraw his plea. A defendant's motion to withdraw a plea of guilty or no contest after the imposition of sentence is to be granted only in extraordinary circumstances. State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324. In such a case, Crim.R. 32.1 requires the defendant to show the existence of manifest injustice as a condition of vacating the plea:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
The defendant who seeks to withdraw his plea after the imposition of sentence has the burden of establishing the existence of manifest injustice. State v. Smith, supra, first syllabus. A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions are matters to be resolved by that court. Id., second syllabus.
Manifest injustice has not been clearly defined, but it is established that post-sentence withdrawal of a plea guilty or no contest is permissible only in extraordinary circumstances. Id.
at 264, 1326.
It is evident that the trial judge, the prosecutor and the defense attorney considered appellant to be technically eligible for shock probation and that had he been otherwise qualified, he would have received it, despite the existence of some authority that would have prohibited it. (Tr. of Plea p. 6). See also,State v. Matthews (Jan. 10, 1991), Miami App. 90-CA-5, unreported.
The record shows that Rector received just what he was promised — i.e. careful consideration of his motion for shock probation. The trial court did not deny his motion for shock probation because she believed he was ineligible due to the existence of a firearm; the court's decision states that the motion was denied after careful consideration, including consideration of the supplemental information submitted in connection with the motion. The idea that Rector was conclusively presumed to be ineligible for shock probation played no part in the judge's decision to deny relief. (State v. Rector (June 24, 1998), Mont. App. No. 16527), granting State's motion to reconsider and affirm the trial court). The appellant's assignment of error is overruled.
The judgment of the trial court is Affirmed.
YOUNG, J. and GLASSER, J., concur.
(Honorable George M. Glasser, Retired from the Court of Appeals, Sixth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).